**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HARINDER SINGH,

              Plaintiff,

              v.

THOMAS DROPPA, et al.,

              Defendants.

Civil Action No. 20-1317 (MAS) (DEA)

**MEMORANDUM OPINION**

This matter comes before the Court upon Defendants Thomas Droppa, Glenn Lauritsen, and the Borough of South River's ("Defendants") Motion to Dismiss Plaintiff Harinder Singh's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Plaintiff opposed (ECF Nos. 7, 9, 11) and Defendants replied (ECF Nos. 8, 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion is granted.

## I.     BACKGROUND[1]

Plaintiff proceeds *pro se* in this matter. The Complaint attaches three Borough of South River Municipal Court summonses dated November 5, 2019.[2] (Attachments to Compl. at *14-

---

[1] For the purposes of a motion to dismiss, the Court accepts as true and summarizes the factual allegations of the Complaint. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).
[2] Plaintiff filed a number of records under seal. (*See* ECF No. 1-5.) *See also* Local Civil Rule 5.3(c)(4) (providing that "materials deemed confidential by a party" may be filed under seal pending submission of and decision on a motion to seal). The Court notes, however, that "[w]hen a document filed under seal contains both confidential and non-confidential information, an unredacted version shall be filed under seal, and a version with only the confidential portions redacted shall be filed publicly within one day of the filing of the unredacted version." *Id.* Here, it appears that non-confidential material, including the summonses at issue in this case, were filed under seal, but no public versions were ever filed. Defendants represent that they have not been served the documents attached to the Complaint. (Defs.' Moving Br. 5, ECF No. 6-1.)

15, ECF No. 1-5.[3]) Defendant Thomas Droppa of the Code Enforcement Department signed these summonses as the complaining witnesses. (*Id.*) Although the summonses are difficult to read, they appear to accuse Plaintiff of violating several laws at "34 Belmont Ave." relating to "failure to obtain permits" and "PMC 107.4." (*Id.*) The summonses commanded Plaintiff to appear before the municipal court on November 19, 2019 to answer the complaints against him and warned that he could be arrested if he failed to appear. (*Id.*) The Complaint also attaches two "Notice[s] of Violation and Order[s] to Terminate," dated January 23, 2020 and signed by "Glenn Lauritsen[,] Construction Official." (*Id.* at *11, *13.) The notices informed Plaintiff that he had been found "in violation of N.J.A.C. 5:23-2.14(a)" for "work performed without [a] required permit" at "34 Belmont Ave." (*Id.*) According to the notices, these findings were based on an inspection or inspections that occurred on November 6, 2019. (*Id.*) Plaintiff also directs the Court to a January 23, 2020 "Notice and Order of Penalty" ordering Plaintiff "to pay a penalty in the amount of $2,000" for an alleged "fail[ure] to obtain [a] construction permit." (*Id.* at *12.) The Order of Penalty was also signed by Defendant Glenn Lauritsen. (*Id.*)

In his Complaint, Plaintiff alleges that the following facts occurred on November 8, 2019, January 26, 2020, and January 28, 2020 at either Plaintiff's home at 10 Unkel Court in Sayerville, New Jersey, or 61 Main Street in South River, New Jersey:

> [W]hen [I] arrived to the address as per [the] summon[ses,] I was physically assaulted in the building, battered and threatened, intimidated. Held against my will.
>
> Mr. Throppa [sic], sends me summons. On the same summons it states . . . . I could be arrested and further penalties can be imposed. Mr. Glenn [Lauritsen] sent suspicious order to my home address.

---

[3] Page numbers preceded by an asterisk refer to the page number on the ECF header.

(Compl. 3, ECF No. 1 (emphasis omitted).)  The Complaint also alleges that "three personnel" whose identities are unknown to Plaintiff "were involved" in these events.  (*Id.* at 3.)  In a later section of the Complaint, Plaintiff maintains that "Person A assaulted me[;] Person B investigated me[; and] Person C investigated me & harassed me."  (*Id.* at 4.)  Plaintiff represents to the Court that three separate photos, each dated January 28, 2020, depict Person A, Person B, and Person C.  (Attachments to Compl. at *17-19.)  Plaintiff reports suffering "physical injuries" to his "lower left chest" as a result of the foregoing events.  (Compl. 4.)  In support of his claimed injuries, Plaintiff submits health care records appearing to show his treatment on January 30, 2020 for "chest pain."  (Attachments to Compl. at *1-10.)

On February 7, 2020, Plaintiff filed the instant action.  Plaintiff alleges "mail fraud to control personal property, . . . . depriv[ation of] the right to possess property peacefully, fictious obligation, and threatening mail violat[ing] my constitutional right."  (Compl. 2 (citing 42 U.S.C. § 1983).)

## II.     LEGAL STANDARD

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted).  In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[M]ere restatements of the elements of [a] claim[ ] . . . are not entitled to the assumption of truth."  *Burtch*

*v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

Rule 12(b)(6) "prohibits the court from considering matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim . . . and a court's consideration of matters outside the pleadings converts the motion to a motion for summary judgment." *Kimbugwe v. United States*, No. 12-7940, 2014 WL 6667959, at *3 (D.N.J. Nov. 24, 2014). "[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (internal quotation marks omitted). Notwithstanding these principles, courts may not consider allegations raised for the first time in a plaintiff's opposition to a motion to dismiss. *See Pennsylvania. ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation omitted)).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements

merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

### A.   Mail Fraud

To the extent Plaintiff attempts to sue under the federal mail fraud statute, the Court will dismiss these claims. The Third Circuit has held that plaintiffs lack a private right of action to bring such claims. *See, e.g.*, *Jones v. TD Bank*, 468 F. App'x 93, 93 (3d Cir. 2012) (per curiam) (citations omitted) (finding that plaintiff lacked a private right of action to sue under 18 U.S.C. § 1341).

### B.   Section 1983

Section 1983 provides that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Plaintiff avers that he received summonses from Defendants Droppa and Lauritsen in the mail. (Compl. 3.) In particular, the summonses from Defendant Droppa warned Plaintiff that he "could be arrested and further penalties can be imposed." (*Id.*) The Court finds that Plaintiff has plausibly alleged that Defendants acted under the color of state law by issuing these summonses.

*Cf. Douris v. Newton Borough, Inc.*, No. 05-2727, 2006 WL 680930, at *3 (E.D. Pa. Mar. 14, 2006) ("[d]efendants acted under color of state law by issuing parking tickets to [p]laintiff"). Even construing the Complaint liberally, however, Plaintiff has not plausibly alleged he was deprived of any federal right merely because he received the summonses. *Id.* (holding that plaintiff who merely received a parking ticket was "not deprived . . . of any federal right"). Such a claim is implausible on its face. *Twombly*, 550 U.S. at 570. Nor does the Complaint allege facts establishing that the receipt of the summonses "depriv[ed him of] the right to possess property peacefully." (Compl. 2.) "Plaintiff's allegations of wrongdoing are nothing more than bald assertions and legal conclusions. Without these bald assertions and legal conclusions, Plaintiff's Complaint does not allege anything beyond his being subjected to ordinary enforcement proceedings . . . ." *Dipietro v. New Jersey*, No. 14-352, 2014 WL 4354027, at *5 (D.N.J. Sept. 3, 2014) (rejecting a plaintiff's Section 1983 claims arising from an alleged conspiracy to illegally enforce the New Jersey Building Code against him).

Next, Plaintiff alleges that when he attempted to answer the summonses as instructed by Defendants, he "was physically assaulted in the building, battered, and threatened, intimidated. Held against my will." (Compl. 3.) The Complaint alleges that "three personnel," whose identities are unknown to Plaintiff, "were involved" in these violations. (*Id.*) Liberally construing the Complaint, the Court takes these "three personnel" to be Persons A, B, and C discussed in the Complaint (*see* Compl. 4), and whose photos are also attached to the Complaint. (Attachments to Compl. at *17-19.)

Even assuming Persons A, B, and C are employees of the Defendant Borough of South River, a Section 1983 claim against the Borough for the above described actions would fail. Pursuant to the Supreme Court's holding in *Monell*, a municipality "is only liable under § 1983 for constitutional violations that are caused by its official policies and customs. '[A] municipality

cannot be held liable *solely* because it employs a tortfeasor. . . in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.'" *Porter v. City of Philadelphia*, 975 F.3d 374, 383 (3d Cir. 2020) (alteration in original) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). The Complaint does not assert that Plaintiff's alleged assault and battery were caused by the official policies and customs of the Borough of South River.[4]

Finally, although Plaintiff does not name Persons A, B, and C as Defendants, even if he had, the Complaint fails to allege sufficient facts to sustain Section 1983 claims against these individuals. The photos of Persons B and C submitted by Plaintiff could be liberally construed as depicting police officers.[5] (Attachments to Compl. at *18-19.) "A police officer may be liable for civil damages for an arrest if 'no reasonable competent officer' would conclude that probable cause exists." *Wilson v. Russo*, 212 F.3d 781, 790-91 (3d Cir. 2000) (citation omitted). Additionally, while police officers "are privileged to commit a battery pursuant to a lawful arrest, . . . the privilege is negated by the use of excessive force." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). "When a police officer uses force to effectuate an arrest that force must be reasonable." *Id.* The reasonableness of the officer's use of force "is measured by careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest . . . ." *Id.*

The Complaint fails to allege sufficient facts to establish a plausible claim for unlawful arrest or excessive force cognizable under Section 1983. For example, the Complaint fails to

---

[4] Similarly, the Complaint does not allege that any constitutional violations arising from the summonses issued by Defendants Droppa and Lauritsen arose from South River's policies and customs. Accordingly, Plaintiff has also failed to state a claim against the Borough of South River for the issuance of the summonses.

[5] The Court notes, however, that the black and white photo allegedly identifying Person A is completely inscrutable. (*See* Attachments to Compl. at *17.)

explain the sequence of events leading up to these alleged violations following Plaintiff's "arriv[al] at the address." (Compl. 3.)  Plaintiff fails to even describe the allegedly threatening language directed toward him by the personnel.  The photos attached to the Complaint also fail to provide the Court with sufficient facts to evaluate the plausibility of these claims.  Rather than establishing assault, battery, threats, and intimidation, the photos of Persons B and C establish, at most, the mere presence of two personnel at the building in question on January 28, 2020. *Cf. Harrison v. New Jersey State Police*, No. 18-16358, 2020 WL 1041355, at *4 (D.N.J. Mar. 3, 2020) (finding that direct excessive force, assault, battery, and false arrest "require some affirmative action for [Section 1983] liability to attach.  Here, other than their presence as secondary [t]roopers who responded to the scene, [p]laintiff fails to allege any facts demonstrating involvement by these [d]efendants.").  Without more, the facts alleged in the complaint are not sufficient to show that the Plaintiff has a plausible claim for relief against Persons A, B, and C.  Plaintiff, however, will be afforded an opportunity to amend his pleading.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted.  The Court will enter an Order consistent with this Memorandum Opinion.  Plaintiff's mail fraud claim will be dismissed with prejudice.  Plaintiff is granted leave to file an amended complaint if he wishes to address any or all of the pleading deficiencies noted above.  The Court will set forth a deadline to file an amended complaint in the accompanying Order.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE