<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARINDER SINGH,<br><br>      Plaintiff,<br><br>      v.<br><br>THOMAS DROPPA, et al.,<br><br>      Defendants. | Civil Action No. 20-1317 (ZNQ) (DEA)<br><br>**OPINION** |

**<u>QURAISHI, District Judge</u>**

  This matter comes before the Court upon Defendants Thomas Droppa, Glenn Lauritsen, and the Borough of South River's ("Defendants") Motion to Dismiss Plaintiff Harinder Singh's ("Plaintiff") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 29.)  Plaintiff opposed ("Opposition," ECF No. 32) and Defendants replied ("Reply," ECF No. 33).  Plaintiff subsequently filed a Motion for Preliminary Injunction.  (ECF Nos. 34, 35.)  The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.  For the reasons set forth below, Defendants' Motion to Dismiss will be granted.

**I.  BACKGROUND[1]**

  Plaintiff proceeds *pro se* in this matter.  On February 7, 2020, he filed the instant action by filing his first Complaint.  (ECF No. 1.)  Defendants thereafter filed a Motion to Dismiss

---

[1] For the purposes of a motion to dismiss, the Court accepts as true and summarizes the factual allegations of the Complaint.  *See Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008).

(ECF No. 6), which was granted by the Court ECF No. 15).  Plaintiff subsequently submitted an Amended Complaint (ECF No. 17), to which Defendants responded by submitting another Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 21).  The Court issued an Order permitting Plaintiff to amend his Amended Complaint and administratively terminated Defendants' Motion to Dismiss.  (ECF No. 24.)  On October 4, 2021, Plaintiff filed his Second Amended Complaint.  (ECF No. 26.)  Defendants responded with the current Motion to Dismiss, supported by a moving brief ("Moving Brief," ECF No. 29-1).

In his Second Amended Complaint, Plaintiff alleges that, due to the poor construction and maintenance of the Borough of South River's sewage system, the basement of his residence flooded, which effectively constitutes an unconstitutional taking by the Defendants under 42 U.S.C. § 1983.  (Second Am. Compl. ¶¶ 81–85.)  The Complaint further alleges that the fines imposed on the Plaintiff after failing to obtain necessary permits pursuant to the local ordinance "were intended to harass . . . the Plaintiff" [sic] and resulted in his severe emotional distress.  (*Id.* ¶ 287.)  Plaintiff also adds that "the Defendants by means of the threat of an illegal act by taking the Plaintiff [sic] money and property without just compensation and brutalizing the Plaintiff" [sic] constitutes extortion.  (*Id.* ¶ 294–299.)  Lastly, the Second Amended Complaint alleges that the flooding of his residential property amounted to a trespass by the Defendants.  (*Id.* ¶¶ 303–06.)  On April 28, 2022, Plaintiff also filed a Preliminary Injunction against Defendants.  (ECF No. 34.)

## II.  LEGAL STANDARD

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Malleus v. George,* 641 F.3d 560,563

(3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim[] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler,* 578 F.3d at 211 (quoting *Iqbal,* 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at *555* (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (alteration in original). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan,* 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints

to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

#### A. Claims Against Lauritsen[2]

Defendants assert that Defendant Glen Lauritsen ("Lauritsen") is deceased and that this is a matter of public record. They argue that the claims against Lauritsen are therefore improper and that unless Plaintiff designates a proper party, those claims must be dismissed. (Moving Brief at 5–6.) Plaintiff acknowledges Lauritsen's death, but does not indicate how or when this information was communicated to him. (Opposition at 3–4.)

Rule 25 states, in relevant part, that "if a party dies and the claim is not extinguished ... a motion for substitution may be made by any party." Fed. R. Civ. P. 25(a)(1). The Rule further provides, that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Here, Defendants have not identified whether or when or how Plaintiff was served with a statement of death in accordance with Rule 25. The Court will therefore deny this portion of the Motion without prejudice to Defendants' right to renew it at a later time upon an appropriate record.

#### B. Count I: Section 1983 (Takings Clause)

Section 1983 provides that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

---

[2] Federal Rule of Civil Procedure 25 provides the proper mechanisms for the Court to order substitution of the proper party. "Generally, the proper party for substitution is the person who has the legal right and authority to pursue the claims brought by the deceased party or to defend against the claims brought against the deceased party." *League of Women Voters v. Cappy,* No. 1:08-CV-0971, 2009 U.S. Dist. LEXIS 63726, at *6 (M.D. Pa. July 24, 2009).

proper proceeding for redress." 42 U.S.C. § 1983.  To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Contrary to the reasoning used in *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985), the court in *Knick v. Township of Scott* held that plaintiffs may assert inverse condemnation claims in federal courts before asserting them in state court.  139 U.S. 2162, 2171 (2019) (holding that "the existence of the Fifth Amendment right allows the [home]owner to proceed directly to federal court under § 1983."). The Takings Clause of the Fifth Amendment to the United States Constitution is made applicable to the States through the Fourteenth Amendment. *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 122 (1978).  The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation."  U.S. Const. Amend. V.  Although "the typical taking occurs when the government acts to condemn property in the exercise of its power of eminent domain, the entire doctrine of inverse condemnation is predicated on the proposition that a taking may occur without such formal proceedings." *106 North Walnut, LLC v. City of East Orange (In re 106 North Walnut, LLC)*, 447 F. App'x 305, 308 (3d Cir. 2011) (quoting *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 316 (1987). A claim for "inverse condemnation" is the manner in which a landowner recovers just compensation for a *de facto* taking of his property without condemnation proceedings. *Id.* (citing *Peduto v. City of North Wildwood*, 878 F.2d 725, 728 n.4 (3d Cir. 1989)).  "A property owner is only entitled to recover, however, if the government action 'deprived [him] of all or substantially all of the beneficial use' of the property."  *Id.* (quoting *Pinkowski v. Township of Montclair*, 299 N.J. Super. 557, 575 (N.J. Super. Ct. App. Div. 1997)).

Plaintiff alleges that Defendants failed to construct and maintain an effective sewage system in the Borough of South River, where Plaintiff resides. (Second Am. Compl. ¶¶ 267–68.) Due to the mismanagement of the Borough's sewage system, "each rain brought more flooding to the Plaintiff's property and flooded the basement," which amounted to an inverse condemnation and subsequently a taking by the Defendants under Section 1983. (*Id.* ¶¶ 271, 281.) However, Plaintiff never asserts that, due to the flooding, he was deprived of "all or substantially all of the beneficial use of his property." Even construing the Complaint liberally, Plaintiff has not plausibly alleged he was deprived of any federal right merely because his basement was flooded. Even if he had, flooding of a property owner's basement is not considered a taking compensable by the government. *See Williams v. United States Army Corps of Eng'rs*, Civ. No. 06-834, 2007 WL 2261559, at *9 (D.N.J. Aug. 2, 2007) (holding that absent formal condemnation proceedings, a plaintiff's inverse condemnation claim only appears to assert that the basement of the home is subject to flooding and damage, which is something considerably less than being deprived of "all reasonably beneficial use of the property"), *aff'd, Williams v. United States*, 321 F. App'x 129, 133 (3d Cir. 2009) ("flooding, even if caused by the [government], could not be deemed a taking. The result was not permanent, but was at best a consequential and incidental result of government activity") (citation omitted). For these reasons, the Court finds that the Plaintiff's flooding-related § 1983 claim does not state a plausible claim for relief and will dismiss this claim.

C. **Count III: Extortion**

In his third Count, Plaintiff alleges that he was a victim of extortion after facing threats and brutalization at the hands of Defendants. (Second Am. Compl. ¶¶ 294–99.) Although Plaintiff refers to this in his Complaint as a "pendent state claim," in an abundance of caution the Court construes this as a claim for extortion under 42 U.S.C. § 1985 of the Civil Rights Act because he

points to a racial animus as the basis of the alleged extortion. Section 1985(3) authorizes any person who suffers injury to his person or property, or who is deprived of his rights or privileges as a citizen of the United States, to bring a cause of action for conspiracy against private and state actors under limited circumstances. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001). "At common law, extortion was a property offense committed by a public official who took any money or thing of value that was not due to him under the pretense that he was entitled to such property by virtue of his office." *Wilkie v. Robbins,* 551 U.S. 537, 564 (2007) (citing *Scheidler v. NOW*, Inc., 537 U.S. 393, 402 (2003)). In short, "[e]xtortion by the public official was the rough equivalent of what we would now describe as 'taking a bribe.'" *Id.* (citing *Evans v. United States*, 504 U.S. 255, 260 (1992)). Thus, the crime of extortion focuses on the harm of public corruption, by the sale of public favors for private gain. *Id*. In order to plead a claim for a private conspiracy under the deprivation clause of Section 1985(3), a plaintiff must allege four elements: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *See Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

Plaintiff avers that Defendants flooded his property, issued citations, abused, and brutalized him, all of which amount to extortion. (Second Am. Compl. ¶ 295.) These assertions, however, are insufficient to establish a plausible claim for extortion. First, the Second Amended Complaint is devoid of any allegations of a conspiracy formed by the Defendants. Second, the alleged extortion revolves around the flooding of his basement and the fines he received for failing to obtain construction permits for work performed at 34 Belmont Avenue. (Second Am. Compl. ¶

41.) As set forth above, the flooding of Plaintiff's basement and the imposition of fines do not amount to a deprivation of any right. *Dipietro,* 2014 WL 4354207, at *5. For these reasons, the Second Amended Complaint fails to plead a plausible claim for extortion under § 1985. The claim for extortion will therefore be dismissed.

### D. Remaining State Law Claims

Remaining Count II for "Intentional Infliction of Emotional Distress" and Count IV for "Trespass to Land, Chattel, and Conversion" are state claw tort claims. Having dismissed all of Plaintiff's federal claims, the Court declines supplemental jurisdiction over these remaining state claims. *See City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) ("[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist.") These claims will therefore also be dismissed.

The Court notes that under 28 U.S.C. § 1367(d), Plaintiff has 30 days from the date of the accompanying order to file his state law claims in state court to avoid any statute of limitations issues. In the interest of justice, the Court will also provide Plaintiff one final opportunity to amend the pleading to plausibly raise sufficient factual allegations that cure the defects identified herein; failure to cure the defects may result in a dismissal *with prejudice. See Velazquez v. Zickerfoose,* Civ. No. 11-2459, 2014 WL 6611058, at *7 (D.N.J. Nov. 21, 2014) (dismissing complaint with prejudice after affording plaintiff three opportunities to perfect pleading); *Donnelly v. Option One Mortg. Corp.,* Civ. No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 20 14) (same); *Thompson v. Keystone Human Servs. Corp.,* No. 09-2558, 2012 WL 398619, at *6 (M .D . Pa. Feb. 7, 2012) (denying leave to amend after three chances); *see also Grayson v. Mayview State*

8

*Hosp.,* 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

### IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 26, will be granted in part and denied in part and the Second Amended Complaint will be dismissed without prejudice.  Plaintiff's Motion for a Preliminary Injunction, ECF No. 34, will be denied as moot.  Plaintiff will be granted leave to file an amended complaint within 30 days of this decision.  An appropriate Order will follow.

Date: August 29, 2022

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**