<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HARINDER SINGH,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THOMAS DROPPA., *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 20-1317 (ZNQ) (DEA)<br><br>**MEMORANDUM OPINION** |

<u>**QURAISHI, District Judge**</u>

　　　This matter comes before the Court upon Defendants Borough of South River ("South River"), Thomas Droppa ("Droppa"), and Glenn Lauritsen's ("Lauritsen") (collectively the "Municipal Defendants") (ECF No. 44) and Defendant the State of New Jersey's (the "State") (ECF No. 50) motions to dismiss Plaintiff Harinder Singh's Third Amended Complaint ("TAC") (ECF No. 42). Plaintiff opposed (ECF No. 60), and the State (ECF No. 61) and the Municipal Defendants (ECF No. 62) replied. After careful consideration of the parties' submissions, the Court decides Defendants' motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendants' motions to dismiss are granted.

I.  **BACKGROUND**

Plaintiff alleges that in 2019, he received a summons from the South River Office of Code Enforcement. (*See* TAC ¶¶ 14, 21, ECF No. 42; Ex. A to TAC, ECF No. 42-1.[1]) The summons pertained to a construction-code violation on Plaintiff's property and demanded Plaintiff appear in Municipal Court. (*Id.* ¶¶ 24, 27, 45, 46; Ex. A. to TAC.) Plaintiff also received a Notice of Violation demanding that Plaintiff pay a $2,000 fine. (*Id.* ¶ 46; Ex. A to TAC.) The Notice of Violation noted that an additional $2,000 penalty would be imposed every week the violation remained unfixed until the penalty was paid. (*Id.* ¶ 46; Ex. A to TAC.) Plaintiff alleges that Droppa signed the "summonses as the complaining witness" and that Lauritsen signed an "Order of Penalty" and sent the Notice of Violation to Plaintiff. (TAC ¶¶ 25, 36, 47.) Plaintiff further alleges that the findings leading to the summons were based "on an inspection or inspections that occurred on November 6, 2019." (*Id.* ¶ 44.)

Plaintiff appears to next allege that sometime in 2020, there was a flooding issue on his property. (*See id.* ¶¶ 2, 110, 113, 143.) On January 16, 2020, while awaiting a court date for his construction-code violation summons, Plaintiff's water supply was shut off. (*Id.* ¶ 90-91.) Plaintiff alleges that South River "breached [its] duty by failing to maintain [an] adequate drainage system that diverted water from their property into the sewer system." (*Id.* ¶ 309.) Plaintiff further claims that he lost use of his property, presumably because of the flooding. (*Id.* ¶¶ 314, 316, 317.) On January 17, 2020, a municipal employee "demanded access [to Plaintiff's] property to do further inspections." (*Id.* ¶ 98-99.) Plaintiff alleges that the employee informed him that, according to

---

[1] In deciding a Rule 12(b)(6) motion, a court may consider exhibits attached to the complaint if the complainant's claims are based upon the provided documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

South River ordinances, Plaintiff must allow officials to enter his home to inspect all fixtures when there is an issue with a resident's water supply. (*See id.* ¶¶ 99-100, 103.)

On January 28, 2020, Plaintiff alleges he appeared for his code violation court date. (*See id.* ¶¶ 179, 181.) A municipal prosecutor demanded seven-thousand and five hundred dollars ($7,500) from Plaintiff. (*Id.* ¶ 181.) Plaintiff refused to pay the fine. (*Id.* ¶ 182.) Plaintiff then alleges that several unidentified parties "dragged [him] and kicked him out" of the court because he would not pay. (*Id.* ¶ 183.) Plaintiff also alleges that several other unidentified individuals "shook and twisted [his] hand and took his phone . . . without any consent." (*Id.* ¶ 243.) Plaintiff then alleges that one unidentified employee "forced [Plaintiff] to delete evidence collected in his phone." (*Id.* ¶ 245.)

All of Plaintiff's remaining allegations are either conclusory or too difficult for the Court to decipher. (*See generally id.*) On the factual allegations above, Plaintiff brings thirty-two (32) causes of action, twenty-eight (28) more than his Second Amended Complaint alleged. (*See generally* TAC.) Of those thirty-two claims, approximately nineteen are brought under federal law, and approximately thirteen are brought under state law. (*Id.*) In short, Plaintiff alleges violation of the first fourteen Amendments to the United States Constitution, the Eighteenth Amendment, the Safe Drinking Water Act, several different torts, violation of the Takings Clause, bribery, extortion, conspiracy, anti-trust violations, fraud, malicious abuse of process, and a *Monell* claim. (*Id.*)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[2] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

3

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

In assessing a pro se plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *Beasley v. Howard*, No. 19-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

**III.    DISCUSSION**

As an initial matter, Plaintiff does not provide a caption or title to his brief indicating which defendants his allegations are brought against. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Instead, Plaintiff appears to allege different facts against different actors that are not parties to this action without identifying whether he seeks to add them as defendants. (*See generally* TAC.) Plaintiff did not serve any additional defendants, and as such, these newly identified parties remain non-parties to this case. Accordingly, the Court assumes for purposes of this Opinion that Plaintiff seeks to bring his claims only against the same defendants he identified in his Second Amended Complaint: the State and Municipal Defendants. (*See generally* Second Am. Compl., ECF No. 26 (identifying the State and Municipal Defendants as the defendants in this action).)

For the reasons outlined below, all of Plaintiff's claims against the State and Municipal Defendants are dismissed.

**A.    Claims against the State**

The State's motion to dismiss is granted because Plaintiff's TAC brings no substantive allegations against the State. (*See generally* TAC.) Plaintiff mentions the State only once in his TAC where he alleges the State was listed as a damaged party to Plaintiff's code violation. (*Id.* ¶ 23.) Even if this sole allegation could in some way be construed to impose liability on the State, the Eleventh Amendment bars any action for damages against the State. *See Allen v. N.J. State Police*, 974 F.3d 497, 504-05 (3d Cir. 2020) (finding that the Eleventh Amendment "shield[s] [s]tates and certain [s]tate-affiliated entities from suits for damages in federal court."); *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001) (stating that under the Eleventh Amendment, "states [are] generally immune from suit by private parties in federal court.");

*Johnson v. State of New Jersey*, 869 F. Supp. 289, 296 (D.N.J. 1994) (crediting the Supreme Court's holding that "the state [is] immune from injunctive relief under the Eleventh Amendment"). As such, the State's motion to dismiss Plaintiff's claims against it is granted.

### B.      Federal Claims against the Municipal Defendants

The Municipal Defendants' motion to dismiss Plaintiff's TAC is also granted. Plaintiff's TAC simply provides no cognizable facts to support most of his federal claims, even when Plaintiff's allegations are construed liberally by the Court. (*See generally* TAC.) As such, the Court is unable to conduct any factual or legal analysis for Plaintiff's claims under the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Eighteenth Amendments, as well as for Plaintiff's extortion claim, conspiracy claim, anti-trust claims, and Safe Drinking Water Act claim. (TAC ¶¶ 327-50, 418-21, 425-28, 434-37.) Accordingly Counts One through Seven, Nine through Fifteen, Seventeen, Thirty, and Thirty-One are dismissed.

Plaintiff's three remaining federal claims must also be dismissed. The Court, however, will conduct brief analyses of Counts Eight, Twenty-Five, and Twenty-Seven because the Court can ascertain the factual bases upon which Plaintiff brings those claims.

#### i.      *Violation of the Eighth Amendment's Excessive Fines Clause (Count Eight)*

Plaintiff alleges that the Municipal Defendants' imposition of a fine for his construction-code violation constitutes an "excessive fine" under the Eighth Amendment. (*Id.* ¶¶ 351-56.) Plaintiff alleges he was fined a $2,000 penalty for his code violation, and that an additional $2,000 penalty would be imposed every week the violation remains unfixed until the penalty is paid. (*Id.* ¶¶ 45, 46; Ex. A to TAC.) Plaintiff does not allege any facts to suggest that the fine he received was excessive in proportion to his code offense. (*See generally id.*)

6

The Eighth Amendment contains an Excessive Fines Clause that dictates that excessive fines shall not be imposed. U.S. Const. amend. VIII. Under modern law, the Eighth Amendment's Excessive Fines Clause "restricts 'the Government's power to extract payments, whether in cash or in kind, as punishment for some offense.'" *U.S. v. Cheeseman*, 600 F.3d 270, 282 (3d Cir. 2010) (quoting *U.S. v. Bajakajian*, 524 U.S. 321, 328 (1998)). In assessing an excessive fine challenge, the Court engages in a "two-step inquiry: (1) whether a 'fine' is at issue — that is, whether the government, acting with punitive intent, has operated to 'extract [a] payment[]' in case or in kind from a citizen; and (2) if so, whether that fine is excessive, or grossly disproportionate to the gravity of the offense." *Dailey v. City of Philadelphia*, 819 F. App'x 71, 75 (3d Cir. 2020) (quoting *Bajakajian*, 524 U.S. at 328, 334) (alterations in original).

Plaintiff did not provide any facts to suggest that the fine he received was excessive or grossly disproportionate to the gravity of his offense. *See Ke v. Phila. Parking Auth.*, 831 F. App'x 621, 623 (3d Cir. 2020) (citing *Bajakajian*, 524 U.S at 334) (finding that to state a claim under the Eighth Amendment's Excessive Fines Clause, a plaintiff must allege facts suggesting "that the disputed fines and fees were grossly disproportional to [the] gravity of the offense"). Instead, Plaintiff alleges only that the Municipal Defendants imposed a fine. (*Id.* ¶ 352.) Even where the Court infers that the fine was excessive, Plaintiff offers no allegations that the fee was disproportionate to the gravity of the offense. Without facts alleging a $2,000 fine imposed every week for a violation of the construction-code that remains unfixed is disproportionate to the offense, the Court has no reason to find that such fine is constitutionally impermissible. As such, the Court cannot allow Plaintiff's Eighth Amendment claim to proceed. Accordingly, Count Eight is dismissed.

> ii. *Violation of 42 U.S.C. § 1983-Takings Clause (Count Twenty-Five)*

In the Court's previous Opinion, it found that Plaintiff's allegation that an ineffective sewer system flooded his basement was insufficient to state a claim under the Takings Clause. (August Op. 5-6, ECF No. 40.) While Plaintiff still argues that the Municipal Defendants' "unlawful flooding" constitutes a taking, Plaintiff now also alleges that the Municipal Defendants violated the Takings Clause when the Municipal Defendants shut off Plaintiff's water supply without notice, rendering the property permanently useless. (*Id.* ¶¶ 92, 143, 415.)

The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. Generally, there are two types of takings: direct and regulatory. *See Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 370 (3d Cir. 2012). "When a state directly appropriates private property, it is considered a *per se* taking, and the state has a duty to compensate the owner." *Id.* The concept of "inverse condemnation," as discussed by the Court in its previous Opinion, falls within this category of taking. *See Academy Hill, Inc. v. City of Lambertville*, Civ. No. 19-426, 2021 WL 754092, at *5 (D.N.J. Feb. 26, 2021); *Woodbridge Ctr. Realty Partners, L.P. v. Twp. Council of the Twp. of Woodbridge et al.*, Civ. No. 16-386, 2016 WL 1243952, at *3 (D.N.J. Mar. 30, 2016). Regulatory takings, on the other hand, occur when "the state's land regulation denies a property owner of 'all economically beneficial or productive use of [the] land.'" *Woodbridge*, 2016 WL 1243952, at *3 (quoting *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992)).

As an initial matter, the Court cannot determine whether Plaintiff intends to allege that a direct or regulatory taking occurred. Specifically, Plaintiff alleges "[t]hat the unlawful flooding and disconnecting [of his] water supply by *regulation* of the Plaintiff's property constitutes [a] taking of the Plaintiff's property" but then alleges that the apparent regulation was "the water

8

supply [being] shut off without any notice" which rendered his property "partially and then permanently" useless. (TAC ¶¶ 92, 415 (emphasis added).) No matter the Court's interpretation of Plaintiff's allegations, Plaintiff's Takings Clause claims fails.

When evaluating a *per se* taking in the inverse condemnation context, "[t]he Third Circuit has stated that '[t]he initial step . . . is whether the challenged governmental action advances a legitimate public interest,' and '[i]n this step, the governmental action is entitled to a presumption that it does advance the public interest.'" *Woodbridge*, 2016 WL 1243952, at *3 (quoting *Pace Res., Inc. v. Shrewsbury Twp.*, 808 F.2d 1023, 1030 (3d Cir. 1987)). Even if the Court could conclude that the Municipal Defendants shutting off Plaintiff's water constitutes a taking, Plaintiff does not allege that the Municipal Defendants were not serving a legitimate public interest in doing so. (*See generally* TAC.) As the Government is entitled to a presumption that its actions, such as allegedly shutting off Plaintiff's water, advance a public interest, to the extent Plaintiff intends to argue the Municipal Defendants engaged in a *per se* taking, Plaintiff failed to plead facts sufficient to sustain such a claim.

Plaintiff's factual allegations also cannot sustain a regulatory takings claim. To state a regulatory takings claim, a plaintiff must identify a regulation that prohibited the "property owner from making certain uses of [his] private property." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 321-22 (2002). Simply put, Plaintiff does not allege that the Municipal Defendants passed any law or regulation that deprived Plaintiff of the use of his land. As such, Plaintiff similarly failed to state a regulatory takings claim. For these reasons, the Municipal Defendants' motion to dismiss Count Twenty-Five is granted.

> > *iii.*     *Violation of 42 U.S.C. § 1983-Monell Claim (Count Twenty-Seven)*

Plaintiff failed to allege the requisite facts to sustain a *Monell* Claim. Under the *Monell* doctrine:

> Local governments . . . cannot be held liable under § 1983 for the acts of their employees. Instead, local governments may be found liable under § 1983 for "their own illegal acts." A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation.

*Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 174-75 (3d Cir. 2017) (internal citation omitted).

Plaintiff's allegations, taken together, do not suggest any municipal policy or custom existed that might sustain a constitutional violation. (*See generally* TAC.) The only custom or policy that Plaintiff mentions in his TAC is an alleged South River ordinance allowing officials to enter a South River resident's home to do further inspections if there is an issue reported with a resident's water supply. (*See id.* ¶¶ 12, 100.) Plaintiff does not, however, allege facts to suggest that South River's ordinance is in any way unconstitutional. As such, Plaintiff failed to state a *Monell* claim. Accordingly, Count Twenty-Seven is dismissed.

For the reasons outlined above, all of Plaintiff's federal claims are dismissed. Significantly, this Court previously held that failure to cure the defects in Plaintiff's Second Amended Complaint may result in some claims being dismissed with prejudice. (August Op. 8; *see also Velazquez v. Zickerfoose*, Civ. No. 11-2459, 2014 WL 6611058, at *7 (D.N.J. Nov. 21, 2014) (dismissing complaint with prejudice after affording plaintiff three opportunities to perfect pleading); *Donnelly v. Option One Mortg. Corp.*, Civ. No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 20 14) (same); *Thompson v. Keystone Human Servs. Corp.*, Civ. No. 09-2558, 2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend after three chances); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper

reason to deny leave to amend).) Here, the Court dismisses with prejudice all of Plaintiff's federal claims identified above other than his Eighth Amendment and Monell claims. As Plaintiff only recently brought his Eighth Amendment and Monell claims, and the Court was able to decipher Plaintiff's allegations, the Court will allow leave to amend as to only these two federal claims.

### C. Remaining State Law Claims

Once again, having dismissed all of Plaintiff's federal claims, the Court declines supplemental jurisdiction over Plaintiff's remaining state law claims. *See City of Pittsburgh Comm'n on Human Rels. v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) ("[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist.") Plaintiff's state claims, Counts Sixteen, Eighteen through Twenty-Four, Twenty-Six, Twenty-Eight, Twenty-Nine, and Thirty-Two are dismissed without prejudice. The Court again notes that under 28 U.S.C. § 1367(d), Plaintiff has 30 days from the date of the accompanying order to file his state law claims in state court to avoid any statute of limitations issues.

### IV. CONCLUSION

For the reasons outlined above, the State and Municipal Defendants' motions to dismiss are granted.

Date: May 26, 2023

s/Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
