<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HARINDER SINGH,**<br><br>                    Plaintiff,<br><br>         v.<br><br>**THOMAS DROPPA.,** *et al.*,<br><br>                    Defendants. | Civil Action No. 20-1317 (ZNQ) (DEA)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court upon a Motion to Dismiss (ECF No. 71) filed by Defendants Borough of South River ("South River"), Thomas Droppa ("Droppa"), South River Police Department Communications Center, and Glenn Lauritsen ("Lauritsen") (collectively, "Municipal Defendants"). The Municipal Defendants move to dismiss Plaintiff Harinder Singh's Fourth Amended Complaint ("FAC," ECF No. 70). Plaintiff opposed ("Opp'n Br.", ECF No. 72) and the Municipal Defendants replied ("Reply", ECF No. 73), to which Plaintiff filed a Sur-reply (ECF No. 74). After careful consideration of the parties' submissions, the Court decides Defendants' motions without oral argument pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 78.1. For the reasons outlined below, Defendants' motions to dismiss will be **GRANTED**. Plaintiff's claims will be dismissed with prejudice.

**I.      BACKGROUND**

This Motion to Dismiss comes before the Court after three previous dismissals of Plaintiff's claims. On February 7, 2020, Plaintiff filed his first Complaint. (ECF No. 1.) Defendants

thereafter filed a Motion to Dismiss (ECF No. 6), which the Court granted. (ECF Nos. 15–16.) Plaintiff subsequently submitted an Amended Complaint (ECF No. 17), a Second Amended Complaint (ECF No. 26), and a Third Amended Complaint (ECF No. 42), all of which Defendants moved to dismiss (ECF Nos. 21, 29, 44, 50.) The Court granted Defendants' Motions to Dismiss the Amended Complaint and the Second Amended Complaint, dismissing Plaintiff's claims without prejudice. (ECF Nos. 24, 40–41.) After considering Defendants' Motion to Dismiss the Third Amended Complaint, the Court dismissed the majority of Plaintiff's federal claims with prejudice—including those against Defendant State of New Jersey. (ECF Nos 68–69.) However, the Court granted Plaintiff leave to amend his Eighth Amendment and *Monell* claims. (*Id.*) Plaintiff filed this Fourth Amended Complaint ("FAC") on June 21, 2023. (ECF No. 70).

The FAC now alleges that in 2019, Plaintiff received a summons from the South River Office of Code Enforcement. (*See* FAC ¶¶ 2–15.) The summons pertained to a construction-code violation on Plaintiff's property and demanded Plaintiff appear in Municipal Court. (*See id.*) Plaintiff also received a Notice of Violation ordering that Plaintiff pay a $2,000 fine relating to these violations, which included an "alleged failure to obtain a construction permit." (*Id.* ¶ 21.) The Notice of Violation stated that the fine would be applicable for every week thereafter in which the violation was not fixed. (*See id.*) Plaintiff claims that the summons also included threats to "revoke his driving privileges." (*Id.* ¶ 15.) Plaintiff alleges that Droppa signed the "summonses as the complaining witness" and that Lauritsen signed an "Order of Penalty" and sent the Notice of Violation to Plaintiff. (*Id.* ¶ 21.) Plaintiff further alleges that the findings leading to the summons were based on "an inspection or inspections that occurred on November 6, 2019." (*Id.* ¶ 16.)

In 2020, while awaiting a court date for his construction-code violation summons, Plaintiff alleges that there was a flooding issue on his property. (*See id.* ¶¶ 48–54.) On January 16, 2020, Plaintiff alleges that South River turned off his water supply because of issues with his water meter. (*See id.* ¶¶ 53–54.) Plaintiff alleges that South River "breached [its] duty by failing to maintain [an] adequate drainage system that diverted water from their property into the sewer system." (*Id.* ¶ 309.) Plaintiff further claims that he lost the use of his property when it became "[un]inhabitable," presumably because of extensive water damage from flooding. (*Id.* ¶ 53.) On January 17, 2020, a municipal employee allegedly "demanded access [to Plaintiff's] property to do further inspections." (*Id.* ¶ 60.) Plaintiff alleges that the employee informed him that South River ordinances require Plaintiff to allow officials to enter his home to inspect all fixtures when there is an issue with a resident's water supply. (*See id.* ¶¶ 61–62.)

Plaintiff alleges that later in 2020, he appeared for his code violation court date. (*See id.* ¶¶ 140–41.) A municipal prosecutor allegedly demanded that Plaintiff pay a seven-thousand and five hundred dollar ($7,500) fine. (*See id.* ¶ 142). Plaintiff claims that when he refused to pay the fine, several unidentified security officials "dragged [him] and kicked him out" of the court. (*Id.* ¶ 144.) Plaintiff also alleges that several other unidentified individuals "shook and twisted [his] hand and took his phone" without consent, and "forced [Plaintiff] to delete evidence collected in his phone." (*Id.* ¶¶ 225–27.)

On the factual allegations above, Plaintiff brings thirty-nine (39) causes of action, seven (7) more than his Third Amended Complaint alleged. (*See generally* FAC.) In short, Plaintiff now alleges violations of the first fourteen Amendments to the United States Constitution, the Eighteenth Amendment, the Safe Drinking Water Act, several different torts, violation of the

3

Takings Clause, bribery, extortion, conspiracy, anti-trust violations, fraud, malicious abuse of process, and a *Monell* claim. (*Id.*).

## II.   LEGAL STANDARD

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George,* 641 F.3d 560,563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "[M]ere restatements of the elements of [a] claim[ ] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler,* 578 F.3d at 211 (quoting *Iqbal,* 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In assessing a pro se plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *See Beasley v. Howard*, Civ. No. 19-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson*, 551 U.S. at 94 (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar*, 372 F. App'x at 328.

### III. DISCUSSION

#### A. Federal Claims against the Municipal Defendants

##### 1. Earlier Dismissal of Federal Claims

As set forth above, in response to Plaintiff's Third Amended Complaint, the Court dismissed the majority of his federal law claims with prejudice. (ECF Nos. 68–69.) The Court allowed leave to amend as to the two federal claims brought under the Eighth Amendment and the *Monell* doctrine. (*Id.*)

      2.   <u>Violation of the Eighth Amendment's Excessive Fines Clause (Count Eight)</u>

As in the TAC, Plaintiff alleges in this FAC that the Municipal Defendants' imposition of a fine for his construction-code violation constitutes an excessive fine under the Eighth Amendment. (*See* FAC ¶¶ 345–51.) Plaintiff alleges he was fined $2,000 for his code violation, and that an additional $2,000 penalty would be imposed every week the violation remains unfixed until the penalty is paid. (*See id.*) Plaintiff does not allege any facts to suggest that the fine he received was excessive in proportion to his code offense. (*See generally id.*). Plaintiff also argues that the Municipal Defendants' threats to suspend his driving privileges and "physical injuries" and "mental stress" that stemmed from their imposition of fines are further evidence of an Eighth Amendment violation. (*Id.* ¶¶ 15, 346).

The Eighth Amendment contains an Excessive Fines Clause that dictates that excessive fines shall not be imposed. *See* U.S. Const. amend. VIII § 1 cl. 2. Under modern law, the Eighth Amendment's Excessive Fines Clause "restricts 'the Government's power to extract payments, whether in cash or in kind, as punishment for some offense.'" *U.S. v. Cheeseman*, 600 F.3d 270, 282 (3d Cir. 2010) (quoting *U.S. v. Bajakajian*, 524 U.S. 321, 328 (1998)). In assessing an excessive fine challenge, the Court engages in a "two-step inquiry: (1) whether a 'fine' is at issue— that is, whether the government, acting with punitive intent, has operated to 'extract [a] payment[ ]' in case or in kind from a citizen; and (2) if so, whether that fine is excessive, or grossly disproportionate to the gravity of the offense." *Dailey v. City of Philadelphia*, 819 F. App'x 71, 75 (3d Cir. 2020) (quoting *Bajakajian*, 524 U.S. at 328, 334) (alterations in original).

Plaintiff's allegations regarding his Eighth Amendment claim are conclusory. Plaintiff did not allege any facts to suggest that the fine he received was excessive or grossly disproportionate to the gravity of his offense. *See Ke v. Phila. Parking Auth.*, 831 F. App'x 621, 623 (3d Cir. 2020)

(citing *Bajakajian*, 524 U.S. at 334) (finding that to state a claim under the Eighth Amendment's Excessive Fines Clause, a plaintiff must allege facts suggesting "that the disputed fines and fees were grossly disproportional to [the] gravity of the offense"). Instead, Plaintiff alleges only that the Municipal Defendants imposed a fine. (*Id.* ¶ 346.) Even after an opportunity to amend his Eighth Amendment Excessive Fines Clause claim, Plaintiff offers no allegations that the fee was disproportionate to the gravity of the offense. Rather, he argues that it is excessive because of his inability to pay, citing his lack of income. (*Id.* ¶ 347.) Without facts alleging that a $2,000 fine imposed every week for a violation of the construction-code that remains unfixed is disproportionate to the gravity of Plaintiff's construction-code violations, the Court has no reason to find that such fine is constitutionally impermissible. As such, the Court cannot allow Plaintiff's Eighth Amendment claim to proceed. Accordingly, Count Eight will be dismissed.

3. Violation of 42 U.S.C. Section 1983-Monell Claim (Count Twenty-Seven)

Plaintiff has also failed to allege the requisite facts to sustain a *Monell* Claim. Under the *Monell* doctrine:

> Local governments . . . cannot be held liable under § 1983 for the acts of their employees. Instead, local governments may be found liable under § 1983 for "their own illegal acts." A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation.

*Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 174–75 (3d Cir. 2017) (internal citation omitted).

The only custom or policy that Plaintiff mentions in his FAC is an alleged South River ordinance allowing officials to enter a South River resident's home to conduct further inspections if there is an issue reported with a resident's water supply. (*See id.* ¶¶ 61–62, 430–435.) Plaintiff does not, however, allege facts to suggest that South River's ordinance is in any way unconstitutional. Plaintiff identifies an unnamed state employee who allegedly forced him to

7

delete evidence on his phone. (*See id.* ¶ 226.) However, Plaintiff does not argue that this conduct was related to any South River policy. Plaintiff has not shown that any municipal action was causally linked to the deprivation of his constitutional rights. *See Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403–4 (1997). As such, Plaintiff fails to state a *Monell* claim. Accordingly, Count Twenty-Seven will be dismissed. The Court, having previously dismissed with prejudice all of Plaintiff's federal claims other than his Eighth Amendment (Count Eight) and *Monell* (Count Twenty-Seven) claims, does not address Plaintiff's other federal claims. Having granted leave to amend these two claims, the Court finds that the FAC does not appear to allege any new information beyond that already alleged in the TAC. For the reasons outlined above, all of Plaintiff's federal claims—including Counts Eight and Count Twenty-Seven—will be dismissed.

      Given the circumstances, the Court next considers whether the present dismissal should be with prejudice. In this regard, the Court recognizes its obligation to construe a pro se plaintiff's claims liberally. *See Beasley*, 2022 WL 3500404, at *2; *Erickson*, 551 U.S. at 94. However, Plaintiff is still under the obligation to allege sufficient facts in his Complaint to support a claim for relief. *See Mala*, 704 F.3d at 245; *Thakar*, 372 F. App'x at 328. In the interest of justice, the Court provided Plaintiff with four opportunities to amend his Complaint to plausibly allege with sufficient facts that would cure the defects identified therein, and previously warned him that "failure to cure the defects may result in a dismissal with prejudice." (ECF No. 40 at 8). *See also Velazquez v. Zickerfoose*, Civ. No. 11-2459, 2014 WL 6611058, at *7 (D.N.J. Nov. 21, 2014) (dismissing complaint with prejudice after affording plaintiff three opportunities to perfect pleading); *Donnelly v. Option One Mortg. Corp.*, Civ. No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 20 14) (same); *Thompson v. Keystone Human Servs. Corp.*, Civ. No. 09-2558,

8

2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend after three chances); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).  Plaintiff has now been afforded multiple opportunities to cure the defects in his claims, but he has been unable to do so.  Moreover, the Court cautioned Plaintiff in its last decision that failure to remedy the issues identified would result in a dismissal with prejudice.  Accordingly, the Court finds that it would be futile to permit further amendments to the Complaint.  Therefore, all of Plaintiff's federal claims will be dismissed with prejudice.

### B. Remaining State Law Claims

Once again, having dismissed all of Plaintiff's federal claims, the Court declines supplemental jurisdiction over Plaintiff's remaining state law claims.  Although the Court previously dismissed Plaintiff's state law claims without prejudice, allowing him leave to amend such claims (ECF No. 68–69), Plaintiff has not pled additional facts in the FAC that would warrant exercising supplemental jurisdiction over his state law claims.  Furthermore, "if it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." *City of Pittsburgh Comm'n on Human Rels. v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006).  As discussed above, all of Plaintiff's federal claims are subject to dismissal and the Court does not find that any extraordinary circumstances exist.  Therefore, the Court declines to exercise supplemental jurisdiction over the state law claims in this case.  The state law claims will be dismissed without prejudice on this basis.

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Municipal Defendants' Motion to Dismiss will be **GRANTED.** Plaintiff's federal claims will be dismissed with prejudice. Plaintiff's state law claims will be dismissed without prejudice.[1] A corresponding Order follows.

Date: February 22, 2024

s/ Zahid N. Quraishi
**Zahid N. Quraishi**
**United States District Judge**

---

[1] Given the Court's conclusion that the claims must be dismissed for the reasons articulated in this Opinion, the Court does not reach other arguments for dismissal presented by the Motion to Dismiss.