<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**HARINDER SINGH**,

          Plaintiff,

          v.

**THOMAS DROPPA**, *et al.*,

          Defendants.

Civil Action No. 20-1317 (ZNQ) (JTQ)

**OPINION**

<u>**QURAISHI, District Judge**</u>

      This matter comes before the Court upon a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60 filed by *pro se* Plaintiff Harinder Singh ("Plaintiff" or "Singh") ("the Motion," ECF No. 89). Plaintiff filed a moving brief in support of his Motion. ("Moving Br.," ECF No. 89.) Defendants the Borough of South River, Thomas Droppa, Glenn Lauristen, Richard Dudas, Tina Martins Cruz, Arthur Londensky, Andrew E. Wyatt, and Michael E. Burns (collectively, "Defendants") filed an opposition brief. ("Opp'n Br.," ECF No. 90.) Plaintiff submitted a reply brief, ("Reply Br.," ECF No. 92), and a supplemental letter to the Court titled "Gaps filled by Congress." (ECF No. 93.)[1] After careful consideration of the parties' submissions, the Court decides the Motion without oral argument pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 78.1.[2] For the reasons outlined below, Plaintiff's Motion will be **DENIED**.

---

[1] In the letter, Plaintiff takes issue with the state court's denial of his application to reinstate his case.
[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

1

I.      **BACKGROUND AND PROCEDURAL HISTORY**

The factual background is known to the parties and will not be reiterated in this Opinion. The Court directs the parties to its prior decisions dated May 26, 2023 ("the May 26, 2023 Opinion"), *Singh v. Droppa*, Civ. No. 20-1317, 2023 WL 3689565, at *1 (D.N.J. May 26, 2023), and February 22, 2024 ("the February 22, 2024 Opinion"), *Singh v. Droppa*, Civ. No. 20-1317, 2024 WL 726643, at *1 (D.N.J. Feb. 22, 2024), for a summary of the factual allegations.

On February 7, 2020, Plaintiff filed his first Complaint. (ECF No. 1.) Defendants thereafter filed a motion to dismiss (ECF No. 6), which the Court granted. (ECF Nos. 15−16.) Plaintiff subsequently submitted an Amended Complaint (ECF No. 17), a Second Amended Complaint (ECF No. 26), a Third Amended Complaint (ECF No. 42), and a Fourth Amended Complaint (ECF No. 70), all of which Defendants moved to dismiss (ECF Nos. 21, 29, 44, 50, 71.) The Court granted Defendants' motions to dismiss the Amended Complaint and the Second Amended Complaint, dismissing Plaintiff's claims without prejudice. (ECF Nos. 24, 40−41.)

On May 26, 2023, the Court granted Defendants' motion to dismiss the Third Amended Complaint and dismissed the majority of Plaintiff's federal claims with prejudice—including those against the State of New Jersey. (ECF Nos 68−69.) The Court held that the State of New Jersey was immune from suit under the Eleventh Amendment. (*Id.*) The Court further dismissed most of Plaintiff's federal claims with prejudice and declined to exercise jurisdiction over his state law claims. (*Id.*) However, the Court dismissed Plaintiff's Eighth Amendment and *Monell* claims without prejudice, and granted Plaintiff leave to amend those claims. (*Id.*)

Plaintiff filed a Fourth Amended Complaint on June 21, 2023, (ECF No. 70), which the Court dismissed on February 22, 2024. (ECF No. 75.) The Court dismissed Plaintiff's Eighth Amendment and *Monell* claims with prejudice because Plaintiff did not properly allege an Eighth

2

Amendment violation or an unconstitutional violation of a policy or custom under *Monell*. (*Id.*) The Court's dismissal was with prejudice because it previously afforded Plaintiff four opportunities to amend his Complaint, and the Court deemed futile any further amendment. (*Id.*) The Court concluded its February 22, 2024 Opinion by declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (*Id.*)

After the Court's decision, Plaintiff filed a motion to re-open his case and a motion to appoint *pro bono* counsel. (ECF Nos. 77 and 78.) Plaintiff also requested a Clerk's entry of default, (ECF No. 80), that was not granted because the case was closed. (ECF between Nos. 80 and 81.) Thereafter, Plaintiff filed a motion for a preliminary injunction and a temporary restraining order. (ECF No. 81.) On August 1, 2024, the Court denied Plaintiff's motions to re-open the case and for a preliminary injunction. (ECF No. 85.) One week after that decision, Plaintiff filed a notice of appeal which he attempted to withdraw on August 27, 2024 in light of the filing of this instant Motion for Relief from Judgment under Rule 60.

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Rule 60 governs motions for relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 60(b). Under Rule 60(b), a party may seek relief from a final judgment, order, or proceeding "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These circumstances include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Importantly, Rule 60(b) cannot "'be used as a substitute for an appeal, and . . . legal error, without more' does not warrant relief under that provision." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). The burden to establish a right to relief under the Rule rests with the movant. *See Cox v. Horn*, 757 F.3d 113, 123 (3d Cir. 2014) (citing *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)). Moreover, "[a] motion under Rule 60(b) must be made within a reasonable time," and when the motion is based on Rule 60(b)(1), (2), or (3), as is the case here, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

## IV.   DISCUSSION

In the Motion, Plaintiff argues that he

> learned recently that all municipal accusation filed and [signed] by public Officer Droppa have been dismissed. It occurred when Defendant Officer Thomas Droppa, the complaining witness, never even appeared on June 26, 2024 municipal court's hearing. As a result, the Judge Tina Martin announced dismissal of all such complaints filed by the Code Enforcing officer Droppa.

(Moving Br. at 1.) Plaintiff contends that "it was impossible to assert the [Fourth Amendment] constitutional claim prior to June 26, 2024, when [the] municipal court suit or proceeding filed by Officer Droppa did not end at all. And it is plaintiff's understanding that he has [a] right to renew

4

it." (*Id.* at 3.) Plaintiff adds that the new evidence would assist in a further pleading for abuse of process or malicious prosecution. (*Id.* at 2.) Plaintiff further argues that after the Court's May 26, 2023 Opinion, counsel for the municipal defendants made multiple misrepresentations, constituting fraud. (*Id.* at 1.) Additionally, Plaintiff argues that Officer Droppa initiated criminal charges against him without probable cause and that the Court erred in granting Eleventh Amendment immunity to the State of New Jersey given that the State "abandoned the sovereign immunity under its own State's ruling." (*Id.* at 6.) In short, Plaintiff is seeking "all of [the] counts [that were] previously dismissed" to be reinstated. (*Id.* at 2.)[3]

In response, Defendants argue that the Motion should be denied because, assuming Plaintiff's Motion is brought under Rule 60(b)(2), the new evidence revealing alleged abuse of process is immaterial and Plaintiff had several attempts to plead "abuse of process," "[e]ach time, . . . fail[ing] to state a claim." (Opp'n Br. at 2–3.)[4]

The Court construes the Motion as seeking relief under Rule 60(b)(2) because Plaintiff is asserting new evidence. It is unclear from what Order—the May 26, 2023 Order or the February 22, 2024 Order—Plaintiff seeks relief. To the extent Plaintiff seeks relief from the May 26, 2023 Order, that cannot be granted. First, the May 26, 2023 Order was not a final order within the meaning of Rule 60. Even if it were, the instant Motion would be time barred, because it was not

---

[3] To the extent Plaintiff seeks to appeal an unfavorable state court ruling, those claims are likely barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prohibits a lower federal court from exercising jurisdiction over a case that would be the functional equivalent of an appeal from a state court judgment. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments;' (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the federal court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).
[4] Plaintiff's reply reiterates his factual circumstances and attempts to re-plead many of the causes of action that were already dismissed. (Reply Br. at 1–11.)

5

made within the one-year time limit imposed by Rule 60(c).[5] (*See* Moving Br. at 2 ("What relief is sought in this motion? . . . On May 26, 2023, this honorable court dismissed the plaintiff's . . . cause of cation without prejudice. . . . However, the condition has [been] met now, and therefore, the plaintiff would like to renew [his claims].")); *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007); *Kemp v. United States*, 596 U.S. 528, 539 (2022) (adhering to the strict time limitations of Rule 60).

With respect to relief from judgment from the February 22, 2024 Order, the Court finds that Plaintiff has failed to meet his burden under Rule 60(b) for the reasons set forth below. Under Rule 60(b)(2), a district court has discretion to reopen a judgment only if the newly discovered evidence is material and "would probably have changed the outcome" of the proceedings. *See Bohus v. Beloff,* 950 F.2d 919, 930 (3d Cir. 1991); *Gibson v. J.P. Harris Assocs.*, 637 F. App'x 58, 60 (3d Cir. 2016). The evidence must have been discovered after trial and the failure to learn must not have been caused by a lack of diligence. *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

As to materiality, the new evidence that Plaintiff asserts—that the "municipal accusation filed and [signed] by public Officer Droppa have been dismissed"—is not material to his claim for "abuse of process" or his other claims against Defendants because, by Plaintiff's own description, the state court's dismissal of the citations was based on procedural grounds rather than a conclusion that they lacked merit.

As to affecting the outcome of Plaintiff's case here, the Motion also fails because the February 22, 2024 Order dismissed the Complaint based on Plaintiff's repeated inability to plead claims that could survive a challenge under Rule 12(b)(6). As noted above, a merely procedural

---

[5] The Court entered judgment on May 26, 2023, and thus, this Motion—filed on August 27, 2024—is untimely. Notably, Defendants did not argue in their Opposition Brief that Plaintiff's Motion is untimely.

dismissal by the state court is unlikely to affect this outcome. Even if the dismissal were considered material under the broadest review afforded to a *pro se* party's pleading, Plaintiff has demonstrated no ability to articulate plausible claims despite being given five opportunities to do so. The Court therefore finds the Motion does not show that the state court dismissal would probably have changed the outcome of the February 22, 2024 Order.

Based on Plaintiff's failure to meet two of the required elements to succeed on a Rule 60 motion, the Court finds that Plaintiff does not meet his burden of establishing a right to relief under Rule 60. *Horn*, 757 F.3d at 123.

## V.    CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's Motion. (ECF No. 89.) An appropriate Order will follow.

Date: March 6, 2025

                                           s/ Zahid N. Quraishi
                                           **ZAHID N. QURAISHI**
                                           **UNITED STATES DISTRICT JUDGE**